UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LOUIS ANTHONY WILBON,

        Plaintiff,                        Case No. 1:07-cv-322

v.                                          Honorable Richard Alan Enslen

LAWRENCE BARAN et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

*Discussion*

    I.    <u>Factual allegations</u>

Plaintiff is currently incarcerated at Gus Harrison Correctional Facility (ARF). In his *pro se* complaint, he sues Michigan Department of Corrections (MDOC) Director of Corrections Patricia L. Caruso; Central Records Office Supervisor June Daman; Parole Violation Unit (PVU) Manager Lawrence Baran; and Supervisor Rachel Waterbury. Plaintiff also sues Grand Rapids Parole Office (GRPO) Parole Agent Donald J. Matson; Muskegon Correctional Facility (MCF) Records Office Supervisor Angie Hall; and the following Charles Egeler Reception and Guidance Center (RGC) employees: Warden Nick Ludwig, Records Office Supervisor Kathy Wolff, Corrections Officers Unknown Crance, Unknown McMahon, and Grievance Coordinator Kevin Jones.

Plaintiff makes numerous allegations regarding the term of his incarceration, access to the courts, statements which were intended to sexually and racially harass him, and his security classification. First, Plaintiff asserts that he has been "depriv[ed] of his liberty" by "[i]llegal restraint/false imprisonment/incarceration beyond what law required." (Compl. at 7, docket #1.[1]) Plaintiff asserts that he is wrongfully incarcerated beyond the maximum sentence allowed by law as a result of a parole violation fabricated by Defendants. Plaintiff asserts that Defendants Baran, Waterbury, Matson, Ludwig, Wolfe, Caruso, Daman and Jones are responsible for such allegedly unlawful incarceration.

---

[1] Plaintiff's complaint contains the Court's form and an accompanying "complaint." To avoid confusion, the Court will use the page number designated by the CM/ECF upon Plaintiff's filing of the complaint and supporting materials.

Second, Plaintiff asserts that on September 25, 2006, Plaintiff made the comment "small minds do small things" to his neighbor. Plaintiff asserts that upon hearing that statement, Defendant Crance ordered Plaintiff to the Block Officer's desk while Defendants Crance and McMahon entered Plaintiff's cell and confiscated his medication bottles, two personal letters and one letter addressed to an "elected official/media." (Compl. at 13.) Plaintiff states that these items were returned to him after Defendant McMahon determined that the pills were not contraband. (*Id.* at 13-14.) According to the complaint, Defendant Crance called Plaintiff a "shiftless, worthless nigger" and that Plaintiff should "shut the fuck up." (*Id*. at 13.) Defendants Crance and McMahon wrote two misconducts for Plaintiff regarding the "small minds" comment and for the alleged possession of a another prisoner's letter, both of which were dismissed on October 1, 2006. Plaintiff alleges that on October 5, 2006, Defendant Crance again searched his cell and took the same three letters, his tobacco and kool-aid. (*Id.* at 14.)

Third, Plaintiff alleges that Defendant Ludwig violated his constitutional rights by denying him access to the courts. Plaintiff asserts that he was not allowed to make "legal copies of his pleadings" on October 4, 2006. (*Id*. at 14.) Plaintiff further alleges that Defendant Jones denied him access to the courts by hindering Plaintiff's ability to file grievances regarding the "illegal restraint" of his continued imprisonment, the fact that his sentence had not been terminated, and Defendants' sexual and racial harassment. (*Id.* at 14-15.)

Lastly, Plaintiff asserts that Defendants Ludwig and Wolfe improperly used a "terminated escape sentence" to elevate Plaintiff's security level. (*Id.* at 15.)

Plaintiff seeks declaratory and injunctive relief ordering his release from incarceration and termination of his criminal sentences. Plaintiff further seeks an award of monetary damages against Defendants. (*Id.* at 17-18.)

## II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Challenges to Incarceration

Plaintiff's complaint largely challenges his incarceration by the State of Michigan. Plaintiff asserts that he is currently incarcerated beyond the maximum allowed by law. (Compl. at 8-12.) A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL

515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stadler*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action seeking injunctive and declaratory relief and monetary damages is barred under *Heck* until his criminal conviction has been invalidated.

### B.     Verbal Harassment

#### i.     *Sexual Harassment*

Plaintiff claims that he was sexually harassed because Defendant Crance said "fuck you" to Plaintiff on two or three occasions. (Compl. at 13.) Plaintiff alleges that Defendant Crance

told him to "shut up" and that "he [Crance] should fack [sic] me [Plaintiff]" while searching Plaintiff's cell for contraband items. (*Id.* at 13-14.)

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas*, 109 F.3d at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. Mar. 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wonton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's

- 6 -

penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim).

If true, Officer Crance's conduct toward Plaintiff was unprofessional, but it does not rise to the level of an Eighth Amendment violation. Plaintiff does not allege that Officer Crance ever touched him or had form of physical contact with him. Acts of verbal sexual harassment, standing alone, are insufficient to state a claim under the Eighth Amendment. *See Morales*, 278 F.3d at 132; *Zander*, 1998 WL 384625, at *2. Therefore, Plaintiff's allegations fail to state an Eighth Amendment claim against Officer Crance.

ii.   *Racial Slur*

Plaintiff alleges that Defendant Crance used a racial slur against Plaintiff, calling him a "shiftless, worthless nigger." (Compl. at 13.) Plaintiff alleges only that Defendant Crance made the remark on September 30, 2006. An allegation that a prison official used racial slurs, although unprofessional and reprehensible, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (per curiam); *Young v. Ward*, No. 97-3043, 1998 WL 384564, at *1 (6th Cir. June 18, 1998) (citing *Torres v. County of Oakland*, 758 F.2d 147, 152 (6th Cir.1985)); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Clark v. Turner*, No. 96-3265, 1996 WL 721798,

at * 2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882, at *1 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). In light of the foregoing, Plaintiff fails to state a claim for a violation of the Eighth Amendment.

### C. Access to Courts

Plaintiff asserts that his constitutional right to have access to the courts was violated because Defendant Ludwig did not allow Plaintiff access to the library to make copies of his pleadings and because Plaintiff was not allowed by Defendant Jones to file and have properly processed grievances regarding the "illegal restraint" of his continued imprisonment, the fact that his sentence had not been terminated, and Defendants sexual and racial harassment. (Compl. at 14-15.)

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey*

*v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, at *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

i. *Photocopying*

The Sixth Circuit has repeatedly held that the constitutional right of access to the courts does not entitle prisoners to free access to photocopying machinery. *See, e.g.*, *Bell-Bey, v. Toombs*, No. 93-2405, 1994 WL 105900, at *2 (6th Cir. Mar. 28, 1994) ("the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services"); *Hawk v. Vidor*, No. 92-2349, 1993 WL 94007, at *1 (6th Cir. Mar. 31, 1993) ("the right to have access to the courts is not interpreted as requiring unlimited access to photocopiers"); *Al- Jabbar v. Dutton*, No. 92-5004, 1992 WL 107016, at *1 ("a prisoner's right of access to the courts does not guarantee him unlimited photocopying at the state's expense") (6th Cir. May 19, 1992); *Bond v. Dunn*, No. 89-6181, 1989 WL 149988, at *1 (6th Cir. Dec. 12, 1989) ("The constitutional right of access to the courts does not require that prison officials provide inmates free access to photocopying machinery"); *Fazzini v. Gluch*, No. 88-2147, 1989 WL 54125, at *2 (6th Cir. May 23, 1989) ("The right of access to the courts does not require that prison officials provide free, unlimited access to photocopy machines"). Plaintiff fails to allege that the refusal to make photocopies hindered his efforts to pursue a nonfrivolous legal claim. In the absence of actual injury, Plaintiff fails to state a claim of constitutional significance.

ii. *Grievances*

Plaintiff asserts that his access to the courts was denied because Defendant Jones "rejected [P]laintiff's grievances and return[ed] them unprocessed, to force re-filings and appeal, all in an attempt to deny access, discourage [P]laintiff and/or delay resolution/relief." (Compl. at 14.) First, Plaintiff must demonstrate actual injury to pending or contemplated litigation. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Plaintiff has alleged no "actual injury" which occurred as a result of him allegedly being unable to file grievances. Plaintiff does not submit that a lawsuit has been dismissed for failure to exhaust or any other injury to pending or completed litigation. Second, as a factual matter the grievances attached to Plaintiff's complaint undermines his claim that he was not permitted to grieve the duration of his incarceration, the harassment and improper security classification. (Ex. 2 to Compl.) Instead, it appears that Plaintiff's true objection is that his grievances were denied. For both reasons, Plaintiff fails to state a claim.

**D.     Security Level**

Plaintiff asserts that his security level was improperly increased based on a prior escape conviction which should not have been considered. (Compl. at 15.) The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed

in administrative segregation. The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *Rimmer-Bey,* 62 F.3d at 790-91; *see also Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997). Without a protected liberty interest, Plaintiff cannot successfully claim that his due process rights were violated because, "process is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

Moreover, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement). A change in security classification to a higher level of security, with nothing more, is not the type of atypical and significant deprivation in which an inmate might have a liberty interest. *See Sandin*, 515 U.S. at 486; *Rimmer-Bey*, 62 F.3d at 790-91. Because Plaintiff does not have a constitutional right to a particular security level or classification, he fails to state a claim.

### E. Personal Items

Plaintiff asserts that two personal letters and one letter addressed to an "elected official/media," his tobacco and kool-aid where taken from his cell by Defendant Crance. (Compl. at 13.) Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy


Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Neither does Plaintiff allege that the removal of the letters form the basis of a claim for denial of access to the courts. Accordingly, I recommend that Plaintiff's complaint be dismissed.

        III.    Motion for Preliminary Injunction

Plaintiff has filed a Motion for a Preliminary Injunction (docket #4). Having recommended the dismissal of Plaintiff's complaint for failure to state a claim, I further recommend the dismissal of Plaintiff's motion for a preliminary injunction as moot.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g). Having recommended dismissal of the complaint, I further recommend the dismissal of Plaintiff's motion for preliminary injunction (docket #4).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  June 22, 2007                                                              /s/ Ellen S. Carmody
                                                                                         ELLEN S. CARMODY
                                                                                         United States Magistrate Judge


### *NOTICE TO PARTIES*

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).