UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LOUIS ANTHONY WILBON,

        Plaintiff,

v.

LAWRENCE BARAN, *et al.*,

        Defendants.
_____/

Case No. 1:07-CV-322

Hon. Richard Alan Enslen

**JUDGMENT**

      This matter is before the Court to review Plaintiff Louis Anthony Wilbon's Objections to the Report and Recommendation of United States Magistrate Judge Ellen S. Carmody dated on July 2, 2007. Her Report recommended dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court now reviews the Objections, the Report and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

      Upon such review, the Court determines that the Report and Recommendation should be adopted and the Objections denied for the reasons stated in the Report. Plaintiff in his objections describes his claims as neither habeas claims nor civil rights claims. (Objections 1.) Nevertheless, he seeks "damages for constitutional violation flowing from [an] illegal, false and due process violative incarceration." Such an action, whatever the name, is governed by title 42 United States Code section 1983. Such an action is also barred by the United States Supreme Court's rulings in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) because it challenges the validity and duration of his incarceration. *See also Preiser v. Rodriguez*, 411 U.S. 475, 484 & 493 (1973). While Plaintiff has argued that his incarceration sentence was vacated/reduced by the 2001 Michigan Court of Appeals' decision in *Lichfeldt v. Mich. Dep't of Corrs.*, 626 N.W.2d 272 (Mich. App. 2001), this

argument does not square with the *Lichfeldt* decision itself, which decision only reduced the incarceration sentence of one person–Patricia L. Lichfeldt. *See id.* at 301, 306-7. While the *Lichfeldt* decision may or may not have some precedential application to Plaintiff, his complaint does not show that any state or federal court has applied the precedent to vacate, set aside or shorten **his sentence**. As such, the rule in *Heck* precludes the challenge concerning his incarceration.

Plaintiff apparently also disagrees with the Magistrate Judge's reading of such cases as *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (describing the "atypical and significant hardship" standard applicable to deprivations of liberty interests of incarcerated persons) and *Hudson v. McMillan*, 503 U.S. 1, 8 (1992) (describing the "objective component" of the Eighth Amendment violation analysis); *see also Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). Notwithstanding such disagreement, Plaintiff has not alleged conditions showing any violation of his federal constitutional rights for the reasons explained at length in the Report. The Magistrate Judge was likewise correct in concluding that Plaintiff's legal access claims fail because he has not sufficiently alleged any "actual injury." *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). His deprivation of property claims fail because he has not alleged inadequate state remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). For these and the other reasons stated in the Report, dismissal is proper.

Likewise, the Court also discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Louis Anthony Wilbon's Objections (Dkt. No. 12) are **DENIED**, the Report and Recommendation (Dkt. No. 11) is **ADOPTED**, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b).

**IT IS FURTHER ORDERED** that this dismissal is **ADJUDICATED as** a "strike" for the purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court certifies that an appeal of this Judgment would not be made in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

DATED in Kalamazoo, MI:　　　　　　　　/s/ Richard Alan Enslen
　　July 20, 2007　　　　　　　　　　　　RICHARD ALAN ENSLEN
　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE